Michael Sammons, pro se
15706 Seekers St
San Antonio, TX 78255
210-858-6199
michaelsammons@yahoo.com



FILED / ENTERED / RECEIVED / SERVED ON COUNSEL/PARTIES OF RECORD
FEB 1 7 2015
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

Michael Sammons
    Plaintiff

vs.

Yin Wang
Weikang Bio-Technology Group Co., Inc.

    Defendants

2:15-cv-00281-JAD-GWF

## COMPLAINT

Plaintiff **Michael Sammons** files this Complaint against **Weikang Bio-Technology Group Co., Inc.** ("WKBT") and alleges as follows:

### THE PARTIES

1. Defendant Yin Wang ("Wang") is the CEO and the majority and controlling shareholder of WKBT. Wang, a citizen and resident of the country of China, owns or controls over 70% of the outstanding shares of WKBT.

2. Defendant WKBT is a Nevada corporation which was incorporated in the State of Nevada on February 28, 2008. WKBT has no operations, officers, directors, or employees in the State of Nevada.

The sole assets of WKBT are ownership interests in foreign companies operating solely within China.

3. Plaintiff Michael Sammons is a resident and citizen of the State of Texas. Plaintiff owns 1,010,000 shares of Defendant WKBT, representing 10% of the minority shares outstanding, which were purchased when WKBT was a publically traded SEC-registered corporation (now private, but then trading under the symbol "WKBT").

4. The registered agent of WKBT resides within this district.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the diversity of citizenship statute, 28 USC 1332 where the parties are of diverse citizenship and the amount in controversy is in excess of $75,000, and under the common law of Nevada for minority shareholder oppression. WKBT has no offices or operations in Nevada; therefore, venue exists in this district where the registered agent of WKBT is located.

## FACTS

6. On June 4, 2014, the SEC revoked the stock registration of WKBT based upon "repeated failure to file periodic reports" in violation of Exchange Act Section 13(a) and Rules 13a-1 and 13a-13. WKBT refused to participate or respond in any way to the SEC charges. As a result, **WKBT is now a private corporation**.

7. Wang and WKBT are guilty of shareholder oppression.[1]

8. The bylaws of WKBT require an annual shareholders meeting at which all directors are up for election.

9. Wang and WKBT are liable for nonfeasance for failing to hold a shareholders meeting or elect directors in over two years since the last election of directors.[2] WKBT must hold annual shareholders meetings and election of directors under the WKBT bylaws and NRS 78.330.

10. Wang and WKBT are liable for gross mismanagement for failing to hold a shareholders meeting in over two years.[3] WKBT must hold annual shareholders meetings and election of directors under the WKBT bylaws and NRS 78.330.

11. Plaintiff had the reasonable expectation, based upon numerous representations in documents filed with the SEC by WKBT, that WKBT would take reasonable steps to remain a publically traded corporation. WKBT refused and utterly failed to even attempt to remain a publically traded corporation, and thereby, contrary to its previous representations and assurances to its public shareholders which were central to the Plaintiff's decision to invest in WKBT, unilaterally converted WKBT from a publically traded corporation

---

[1] The concern and focus in shareholder oppression cases is that the minority "faces a trapped investment and an indefinite exclusion [from] participation in business returns." Douglas K. Moll, Shareholder Oppression in Close Corporations: The Unanswered Question of Perspective, 53 Vand. L. Rev. 749, 790-91 (2000)).

[2] Cf. Recker, et al v. Sino Clean Energy Inc, et al, 2nd Jud. District Ct – Washoe, No. CV14-00484 (May 12, 2014)

[3] Id.

into a non-public private corporation causing a devastating loss in value and liquidity to all minority shareholders.

12. Wang and WKBT have ignored the four letters sent by the Plaintiff over the past year requesting general, easily accessible, information about the company: plans for an annual meeting, election of directors, rough sales and profits numbers, and dividends.

13. Wang and WKBT have ignored, for over 180 days, a proper request from the Plaintiff for a list of shareholders.

14. Wang and WKBT have ignored, for over 180 days, a proper request from the Plaintiff for access to the books of WKBT and its subsidiaries.

15. Because Wang and WKBT refuse to reveal any financial information since 2012, the Plaintiff cannot market his shares in the now private WKBT.

16. Wang and WKBT, notwithstanding having made a profit for each of the past six years, and holding over $80,000,000 in cash or cash equivalents since 2012, have failed to *ever* pay a dividend to shareholders other than to the CEO/majority shareholder, who has removed over $300,000 from the corporation without any documented or legitimate business purpose. WKBT has no business purpose planned for the $80,000,000 cash hoard other than periodic improper and undocumented cash payments to Wang. Wang and WKBT are therefore guilty of malicious suppression of dividends.

17. WKBT has paid the CEO/majority shareholder over $300,000 in dividends since 2012, but has paid no other shareholder a dividend.

18. Plaintiff reasonably relied upon the representations and commitments required of WKBT in the Code of Ethics adopted by the board of directors of WKBT, which were violated by each of the above acts of shareholder oppression.

19. All the acts of WKBT as a corporation described above were authorized, ordered, or implemented by Defendant Yang. All material decisions relevant to WKBT operations or shareholder matters are referred to and solely decided by Wang.

20. As a result of the above acts of Wang and WKBT, each has breached their fiduciary obligations to the Plaintiff, who has seen his investment value in WKBT significantly reduced and rendered completely illiquid with no prospect of future participation in the assets, operations, or profits of WKBT.

21. As a result of the above acts of Wang and WKBT, the Plaintiff cannot exit his investment in WKBT even though he has a complete and justifiable loss of confidence in WKBT as an investment as a result of the above detailed misappropriation of corporate assets, malicious suppression of dividends, and failure to observe proper corporate procedures (such as an annual shareholder meeting and election of directors) as required by Nevada corporate law and the WKBT bylaws.

## PRAYER FOR RELIEF

**WHEREFORE**, facing a trapped investment and an indefinite exclusion from participation in business returns, and on grounds of shareholder oppression, Plaintiff Michael Sammons prays for the following equitable relief:

5

1. Defendant WKBT shall repurchase the Plaintiff's 1,010,000 shares of WKBT for $3.55/share, which was "fair value" (also book value) of WKBT shares as of the last WKBT financial statement filed with the SEC, for a total of $3,585,500;
2. Costs and further relief in the Plaintiffs' favor as this Court deems just and proper.

Respectfully submitted:

*Michael Sammons*   2/12/2015
Michael Sammons, pro se
15706 Seekers St.
San Antonio, TX  78255
210-858-6199
michaelsammons@yahoo.com