# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL SAMMONS,

        Plaintiff,

vs.

YIN WANG, an individual,
WEIKANG BIO-TECHNOLOGY GROUP CO., INC., a corporation,

        Defendants.

Case No. 2:15-cv-00281-JAD-GWF

**ORDER**

      This matter is before the Court on Plaintiff Michael Sammons' Motion for Order Authorizing Alternative Service of Process Upon Defendant Yin Wang (#4), filed on February 26, 2015. No response was filed by Defendant Weikang Bio-Technology Group Co., Inc.

      Plaintiff requests an order authorizing him to serve Defendant Yin Wang via the registered agent for Wang's company in Nevada. Fed. R. Civ. Pro. 4(f) governs the service of an individual in a foreign country. Service of a foreign defendant is often conducted via an internationally agreed upon means of service, such as the Hague Convention. FRCP 4(f)(a). Though China, the home country of the Defendant, is a party to the Hague Convention, it does not apply "where the address of the person to be served with the document is not known." Convention Done at the Hague, 20 U.S.T. 361, Article 1. Plaintiff represents that he hired a licensed attorney in Harbin, China, to determine the current address of Defendant Wang. A mailing address was provided for Defendant Wang by the corporation, but it was noted that he is usually not physically there. The investigation revealed that Defendant Wang is not present at the listed corporate address for Defendant Weikang Bio-Technology Group Co., Inc, and a reliable physical address could not be determined. Despite the assistance of the local attorney, the Defendant's current address remains unknown, and the

Hague Convention does not apply.  Because the Defendant will not be served in accordance with the Hague Convention, he may be served by "a method that is reasonably calculated to give notice" or by "means not prohibited by international agreement, as the court orders."  FRCP 4(f)(2-3).  Plaintiff proposes that the Defendant be served either via the corporate registered agent for Defendant Weikang Bio-Technology Group Co., Inc., for whom Defendant Wang serves as CEO and majority owner, or by mailing a registered letter to Wang's last known and most recently verified mailing address.

Service under Rule 4(f) has no hierarchy: the Rule offers a variety of valid means of effecting service.  *See Rio Props v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959 at *1 S.D.N.Y. 2012.  Service must be "(1) directed by the court; and (2) not prohibited by international agreement."  *Rio Props*, 284 F.3d at 1014.

Plaintiff's proposal of effecting service on Defendant Wang via his corporation is not unique.  Courts have frequently found this to be an appropriate method of service for a foreign defendant when another method would prove difficult.  *See Stream SICAV v. Wang*, 989 F.Supp.2d 264, 280 (S.D.N.Y. 2013); *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262 (S.D.N.Y. 2012); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2012 WL 5992134 (C.D. Cal. 2012).  These courts also found that such service is not prohibited by international agreement.  *Id*.

Service in this manner is reasonably calculated to give notice to Defendant Wang of the pending lawsuit.  Plaintiff represents that the Defendant is the CEO and 70% owner of Weikang Bio-Technology Group.  It is reasonable to believe that the corporation will inform the Defendant of the claim when they have been served on his behalf.  *See Stream SICAV*, 989 F.Supp.2d at 279-280; *In GLG Life*, 287 F.R.D. at 267.  The Court finds that this method is sufficient and that the additional proposed method of delivering registered mail to the Defendant's last known address is unnecessary.  Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Order Authorizing Alternative Service of Process Upon Defendant Yin Wang is **granted**.

**IT IS FURTHER ORDERED** that the Plaintiff shall serve a copy of the summons and the complaint on Defendant Yin Wang by serving it upon the authorized agent of Defendant Weikang Bio-Technology Group Co., Inc.

**DATED** this 30th day of March, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge